# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SERGEY MKHITARYAN,<br>    Plaintiff(s),<br>v.<br>COUNTY OF CLARK,<br>    Defendant(s). | Case No. 2:24-cv-00708-RFB-NJK<br>**Order**<br>[Docket Nos. 2, 3, 7] |

Plaintiff filed a notice of incompetency. *See* Docket No. 2.[1]

Upon a finding of incompetence, courts are empowered to appoint a guardian *ad litem* or to "issue another appropriate order." Fed. R. Civ. P. 17(c). The Ninth Circuit has identified the appointment of a lawyer as a potential remedy that is sufficient in appropriate cases to protect an incompetent litigant's interests. *Davis v. Walker*, 745 F.3d 1303, at 1311 (9th Cir. 2014) (citing *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989)). In district courts, the appointment of counsel for persons financially unable to obtain representation in criminal cases is governed by 18 U.S.C. § 3006A. "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). Ancillary matters include proceedings sufficiently related to the underlying criminal case. *See United States v. Martinson*, 809 F.2d 1364, 1370 (9th Cir. 1987). Even when proceedings do not constitute an ancillary matter, appointment of counsel is still proper where exceptional circumstances exist. *See Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1104 (9th Cir. 2004) (allowing court appointment of an attorney to represent a plaintiff in a civil action when exceptional circumstances exist). The existence of exceptional circumstances entails an analysis

---

[1] The notice references Plaintiff's "competency," but read in context is construed as a notice of incompetency.

of the "likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Id.* (internal citation omitted).

Plaintiff is an inmate in state custody awaiting trial on murder charges. *See State of Nev. v. Mkhitaryan*, C-16-312769-1 (Eighth Judicial Dist. Ct.); *State of Nev. v. Mkhitaryan*, C-16-312718-1 (Eighth Judicial Dist. Ct.); *see also Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (taking judicial notice of state court proceedings). The Court has elsewhere recognized a finding of Plaintiff's incompetency. *See, e.g.*, *Mkhitaryan v. Las Vegas Metro. Police Dept.*, No. 2:20-cv-02169-ART-NJK, Docket No. 30 at 2 (D. Nev. Apr. 20, 2022) (citing finding of incompetency in relation to state court proceedings). Although not entirely clear, Plaintiff brings this case in relation to his pretrial detention and those criminal proceedings. *See* Docket No. 1-1. Given the circumstances of this case, the Court finds it appropriate to appoint counsel to represent Plaintiff.

Accordingly, Plaintiff's motion for appointment of counsel (Docket No. 2) is hereby **GRANTED**. The Court **APPOINTS** the Federal Public Defender to represent Plaintiff in this matter. The Court **INSTRUCTS** the Clerk's Office to add the Federal Public Defender's Office to the service list in this matter and, further, to separately send this order to the Federal Public Defender's Office so that representation may begin immediately. In addition, Plaintiff's other pending motions (Docket Nos. 3, 7) are **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: August 30, 2024

_____
Nancy J. Koppe
United States Magistrate Judge