UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SERGEY MKHITARYAN,<br><br>    Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY,<br><br>    Defendant(s). | Case No. 2:24-cv-01578-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 11] |

Pending before the Court is a motion requesting screening of Plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915A, Docket No. 11, which is **GRANTED** in that the Court screens Plaintiff's complaint herein. For the reasons discussed below, Plaintiff's complaint is **DISMISSED** with leave to amend.

Courts screen the civil complaint of a prisoner seeking redress from a government entity or official. 28 U.S.C. § 1915A.[1] This screening process includes application of Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Blandino v. Sisolak*, 2020 WL 7240096, at *1 (D. Nev. Dec. 9, 2020). A properly pled complaint must provide a "short and plain statement" of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). The complaint must set forth coherently who is being sued, for what relief, and on what theory. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178

---

[1] This screening takes place with respect to "any case" brought by a prisoner against a governmental entity or official, even where the plaintiff has paid the filing fee. *See Gillen v. Wanker*, 2015 WL 12658464, at *1 (D. Nev. Oct. 27, 2015), *adopted*, 2016 WL 5939335 (D. Nev. Oct. 11, 2016). A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

(9th Cir. 1995). Rule 8 has been violated when a complaint is needlessly long, highly repetitious, confused, or comprised of incomprehensible rambling. *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Complaints that fail to comply with these requirements are potentially subject to dismissal with prejudice. *See, e.g.*, *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). Prior to dismissal with prejudice, however, the Court should consider whether less drastic alternatives are available. *Id.* at 674.[2]

Plaintiff's complaint in this case consists of 59 pages of single-spaced text spanning more than 300 paragraphs. *See* Docket No. 1-1. The complaint does not formally identify separate counts with specific factual allegations. The substance of the allegations covers numerous subjects, some related to a state court trial,[3] some related to conditions of confinement, and some that appear to relate to other issues. The Court declines to parse through the hundreds of paragraphs of Plaintiff's complaint in an effort to identify the particular allegations on which Plaintiff believes he has a valid cause of action. Plaintiff must instead present claims in a clear and concise manner as required by Rule 8 and Rule 10.

For the reasons explained above, the Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket No. 1-1) on the docket. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **October 11, 2024**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in

---

[2] The filings of *pro se* prisoners are liberally construed, but they must still comply with these basic pleading requirements. *See, e.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

[3] The Court notes as a threshold matter that federal courts are generally prohibited from interfering with ongoing state court criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). It is also well settled that a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: September 12, 2024

_____
Nancy J. Koppe
United States Magistrate Judge