**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

SERGEY MKHITARYAN,

Plaintiff,

v.

COUNTY OF CLARK, *et al.*,

Defendants.

Case No. 2:24-cv-00708-RFB-NJK

**ORDER DENYING FRIVOLOUS MOTIONS**

Before the Court are Plaintiff Sergey Mkhitaryan's motions for various forms of relief (ECF Nos. 56, 57, 60, 61, 63, 64, 72). Since they are repetitive and/or frivolous, the Court denies them pursuant to its inherent authority to manage its own docket.

## I. BACKGROUND

Plaintiff Sergey Mkhitaryan launched these proceedings on April 10, 2024, when he filed a civil-rights complaint before this Court. See generally Civil Rights Compl., ECF No. 1-1 (Apr. 10, 2024). Shortly thereafter, the Court appointed the Federal Public Defender for the District of Nevada ("FPD") to represent Mr. Mkhitaryan in light of his alleged incompetence. See Order 2, ECF No. 8 (Aug. 30, 2024).

On September 12, 2024, the Court dismissed Mr. Mkhitaryan's original *pro se* complaint because it failed to satisfy the pleading requirements of the Federal Rules of Civil Procedure. See Order 2, ECF No. 11 (Sep. 12, 2024). In doing so, the Court afforded Plaintiff another opportunity to file a proper complaint in this case. See id. at 3. While his amended complaint was originally due on January 9, 2025, see Mins. of Proceedings, ECF No. 20 (Oct. 7, 2024), Plaintiff sought additional time to file it, as he was actively undergoing competency proceedings in state court. See

Mot. for Extension of Time, ECF No. 32 (Jan. 6, 2025). The Court extended this deadline through February 9, 2025. See Order 2, ECF No. 33 (Jan. 7, 2026).

Before this date elapsed, the Eighth Judicial District Court of the State of Nevada determined that Mr. Mkhitaryan is competent to stand trial. See Status Report 2, ECF No. 34 (Feb. 5, 2025). The FPD attempted to meet with Mr. Mkhitaryan to "discuss a possible amended civil rights complaint," but he "declined the visit." Id. Indeed, Mr. Mkhitaryan refused to communicate with his attorneys, and the FPD ultimately sought to withdraw from his case. See Notice 2, ECF No. 36 (Feb. 27, 2025). The Court granted the FPD's request and ordered Mr. Mkhitaryan to file an amended *pro se* complaint by April 30, 2025. See generally Order, ECF No. 37 (Mar. 30, 2025). The Court later extended this deadline to June 16, 2025. See Order 1, ECF No. 39 (May 7, 2025). The Court explicitly warned Plaintiff that his "[f]ailure to file an amended complaint by that date [could] result in [the] dismissal" of his case. See id.

Mr. Mkhitaryan did not file an amended complaint by this deadline, see generally R. & R., ECF No. 45 (July 23, 2025), and the Court dismissed this action without prejudice. See generally Order, ECF No. 46 (July 23, 2025). In response, Plaintiff filed a slew of motions that urged the "Court to reconsider its prior dismissal order and appoint counsel to represent [him] in these proceedings." Min. Order, ECF No. 67 (Mar. 4, 2026). The Court denied his motions because he failed to identify any clear basis for reconsideration. See id.

Undeterred, Mr. Mkhitaryan filed another slew of motions, which are the focus of this Order. Although their substance is cryptic, they broadly request: (i.) the appointment of counsel; (ii.) federal oversight over Mr. Mkhitaryan's criminal proceedings in state court; (iii.) discovery; and (iv.) leave to file an amended complaint. See, e.g., generally, Emergency Mot. to Stay Sentencing and for Appointment of New Counsel, ECF No. 21 (Jan. 8, 2026).

## II. LEGAL STANDARD

District courts "possess[ ] inherent powers that are 'governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Cahill v. Insider Inc., 131 F.4th 933, 938 (9th Cir. 2025)

(quoting Dietz v. Bouldin, 579 U.S. 40, 45 (2016)). Amongst other powers, a district court has the inherent "authority 'to manage . . . [its] dockets and courtroom[ ] with a view toward the efficient and expedient resolution of cases." Id. (quoting Dietz, 579 U.S. at 47). By virtue of this authority, the Court has the "discretion to weed out frivolous or simply repetitive motions." Hoffman v. Tonnemacher, 593 F.3d 908, 912 (9th Cir. 2010) (citation omitted); ProDox, LLC v. Pro. Document Servs., Inc., Nos. 24-2409, 24-2753, 24-5646, 24-6013, 2025 WL 2364980 (9th Cir. Aug. 14, 2025) (citation omitted) (same).

## III. DISCUSSION

### A. *Motion to Amend*

As a preliminary matter, the Court declines to allow Mr. Mkhitaryan to file an amended complaint in this case. Since Mr. Mkhitaryan no longer has a right to amend his complaint as a matter of course, see Fed. R. Civ. P. 15(a)(1)(A), this Court has the discretion to permit, or preclude, amendment. See Komie v. Buehler Corp., 449 F.2d 644, 647 (9th Cir. 1971) (citing Fed. R. Civ. P. 15(a)(2)). Although courts should generally allow amendment "when justice so requires," they commonly deny leave to amend when the request "is unduly delayed." Id. at 647–48 (citations omitted). That is the case here. Mr. Mkhitaryan's amended complaint was due on June 16, 2025. See Order 1, ECF No. 39 (May 7, 2025). He did not seek leave to file an amended complaint until July 6, 2026. See Mot. for Leave to Amend, ECF No. 72 (July 6, 2026). And he has not offered any explanation for this extraordinary delay in seeking amendment. As such, the Court concludes that his request to file an amended complaint is unduly delayed and denies it as such.

### B. *Remaining Motions*

Next, the Court denies Mr. Mkhitaryan's remaining motions because they are duplicative and/or meritless. As a threshold matter, Mr. Mkhitaryan's recent slew of motions are largely duplicative of other filings he has made in this case, which have already been considered—and rejected—by this Court. Compare Mot. Requesting Federal Public Defenders, ECF No. 56 (Nov. 21, 2025); Mot. for Federal Public Defenders to be Assigned, ECF No. 57 (Dec. 29, 2025) with

Order, ECF No. 41 (June 2, 2025) (denying Plaintiff's motion for appointment of counsel); Min. Order, ECF No. 67 (Mar. 4, 2026) (declining to "(re)appoint counsel in this closed case"). More fundamentally, Mr. Mkhitaryan seeks relief in a closed case that lacks any operative complaint, and his motions are devoid of any legal authorities which could entitle him to the extraordinary relief he seeks—*i.e.*, aggressive federal oversight over an ongoing criminal proceeding in state court. See generally Emergency Mot. to Stay Sentencing, ECF No. 61 (Jan. 7, 2026); Mot. to Produce Disc., ECF No. 63 (Jan. 12, 2026); Mot. for Immediate Review, Investigation, and Dismissal, ECF No. 64 (Jan. 29, 2026); see also Ledbetter v. Graham, No. 91-36185, 1992 WL 300805, at *1 (9th Cir. Oct. 21, 1992) (citing Younger v. Harris, 401 U.S. 37, 46 (1971)) ("In most circumstances, federal courts are prevented from interfering with criminal proceedings in state court."). On this barren record, the Court finds that Mr. Mkhitaryan's remaining, outstanding motions are repetitive and/or frivolous, and the Court denies them pursuant to its inherent authority to manage its own docket.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Mr. Mkhitaryan's outstanding motions (ECF Nos. 56, 57, 60, 61, 63, 64, 72) are **DENIED**. This case shall remain closed, and no further filings may be submitted in this case. To the extent Mr. Mkhitaryan seeks to pursue his claims in federal court, he must initiate a new action.

**DATED:** September 18, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**